UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO. 21-62122-CIV-MORENO/GOODMAN

JUAN ABREU, individually, and on behalf of
all others similarly situated,

      Plaintiff,

v.

PFIZER, INC.,

      Defendant.
_____/

**REPORT AND RECOMMENDATIONS ON RENEWED MOTION
TO INTERVENE BY MSP RECOVERY CLAIMS SERIES 44, LLC,
AND MSP RECOVERY CLAIMS, SERIES LLC**

      This motion concerns the substantial litigation surrounding Defendant Pfizer Inc.'s request to transfer this case to the Southern District of New York and Plaintiff Juan Abreu's efforts to oppose that transfer. Before the Undersigned is MSP Recovery Claims Series 44, LLC and MSP Recovery Claims, Series LLC's (collectively, "MSP") Renewed Motion to Intervene to Oppose Defendant's Request to Transfer Case. [ECF No. 52]. This motion is fully briefed with a response [ECF No. 60] and reply [ECF No. 62].

      Senior United States District Judge Federico A. Moreno referred to the Undersigned rulings on all pretrial, non-dispositive matters and a Report and Recommendations on all dispositive matters. [ECF No. 32].

This is the second of MSP's motions to intervene (in order to oppose Defendant's motions to transfer this case to the Southern District of New York). [ECF Nos. 20; 52]. MSP's earlier motion was denied when the District Court adopted the Undersigned's Report and Recommendations on MSP's first motion to intervene. [ECF Nos. 34; 50]. MSP alleges that its renewed request is allowed because the same circumstances which justify reassessing Defendant's and Plaintiff's position on the transfer issue also justify reassessing whether MSP should be permitted to intervene. [ECF No. 52].

MSP's arguments are unpersuasive. For the reasons discussed below, the Undersigned **respectfully recommends** that the District Court treat MSP's renewed motion as a motion for reconsideration and **deny** MSP's request to intervene.

I.  **Background**

In the Report and Recommendations on MSP's earlier motion to intervene, I summarized the relevant background as follows:

> This case is one of a series of putative class-action cases filed nationwide after Defendant recalled "Chantix," a drug it had developed meant to assist users quit smoking. Based on the Plaintiff's and Defendant's filings [ECF Nos. 9; 18], the Undersigned has identified the following cases filed by end-user plaintiffs since Defendant's recall of Chantix[1]:

---

[1]  The Undersigned is permitted to take judicial notice of these other related lawsuits. *See DeBose v. Ellucian Co., L.P.*, 802 F. App'x 429, 434 (11th Cir. 2019) (noting that "district court . . . properly took judicial notice of the pleadings and orders in [plaintiff]'s earlier federal case stemming from her allegedly wrongful termination, as the records in that case were not subject to reasonable dispute"); *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 19-CV-61509-WPD/SNOW, 2020 WL 9934410, at *1, n.1 (S.D. Fla. Apr. 9, 2020) ("The court may take judicial notice of another court's docket entries and orders for the limited purpose of recognizing the filings and judicial acts they represent.").

>   *Harris v. Pfizer, Inc.*, 1:21-cv-06789 (S.D.N.Y) (filed August 12, 2021)
>   *Edwards v. Pfizer, Inc.*, 2:21-CV-4275 (E.D. Pa.) (filed September 29, 2021)
>   *Jacobson v. Pfizer, Inc.*, 2:21-CV-7961 (C.D. Cal.) (filed October 5, 2021)
>   *Webb v. Pfizer, Inc.*, 1:21-CV-8244 (S.D.N.Y.) (filed October 6, 2021)
>   *Seeley v. Pfizer, Inc.*, 3:21-CV-7892 (N.D. Cal.) (filed October 7, 2021)
>   *Duff v. Pfizer, Inc.*, 2:21-CV-1350 (W.D. Pa.) (filed October 8, 2021)
>   *Abreu v. Pfizer, Inc.*, 0:21-CV-62122 (S.D. Fla.) (filed October 12, 2021)
>   *Evans v. Pfizer, Inc.*, 3:21-CV-1263 (S.D. Ill.) (filed October 15, 2021)
>   *Houghton v. Pfizer, Inc.*, 1:21-CV-23987 (S.D. Fla. (filed November 12, 2021)

In addition to these nine class action cases, MSP also filed a putative class action lawsuit against Defendant, seeking to represent itself and similarly situated third-party payors. MSP's lawsuit is currently pending in the Southern District of Florida with District Court Judge Roy K. Altman: *MSP Recovery Claims Series 44, LLC v. Pfizer Inc.*, No. 1:21-CV-23676 (S.D. Fla.) (filed October 19, 2021). Based on the representations of Plaintiff and MSP, this is the only third-party payor lawsuit against Pfizer currently pending. [ECF Nos. 18; 20; 29].

MSP and Plaintiff began cooperating in their litigation against Pfizer on October 26, 2021. [ECF No. 25-1]. Shortly after this cooperation began, before serving Pfizer in its own case, MSP moved to transfer its case to District Court Judge Federico A. Moreno because he is the presiding judge in Plaintiff's case. [21-cv-23676-RKA, ECF No. 7]. This request was denied. [21-cv-23676-RKA, ECF No. 15].

In this case, Defendant filed a Motion to Change Venue, arguing generally that venue is proper in the Southern District of New York because that is where the first-filed action is pending, and that transfer is also appropriate under 28 U.S.C. § 1404. [ECF No. 9]. Plaintiff filed an opposition, arguing generally that: (1) Defendant has used gamesmanship to keep the Southern District of New York case active; (2) venue is proper here because it is where MSP's case is located; and (3) all counsel have been coordinating to make this the jurisdiction of choice. [ECF No. 18].

After Plaintiff's response was filed, MSP filed a Motion to Intervene for the limited purpose of opposing Defendant's Motion to Change Venue. [ECF

3

>No. 20]. While MSP and Defendant were in the process of briefing MSP's Motion to Intervene, counsel for Abreu, MSP, and Houghton (the three plaintiffs with cases in the Southern District of Florida) filed a motion to consolidate the three cases and appoint all counsel as interim class counsel. [ECF No. 24].
>
>Houghton's case has been stayed pending resolution of Defendant's Motion to Change Venue. [21-CV-23987, ECF Nos. 11; 13]. In MSP's case, there is a pending Joint Motion to Stay. [21-CV-23676-RKA, ECF No. 10]. Based on the nature of the pending motions and the actions taken by non-party counsel in their pending cases, it is clear that all plaintiffs' counsel desire a joint class action (i.e., involving both end-users and third-party payors) to proceed as part of this action.
>
>If Defendant's Motion to Change Venue were granted, it could impact the coordinative steps taken by the three plaintiffs. Thus, MSP seeks to intervene to put forth argument as to why the Court should deny Defendant's Motion to Change Venue.

[ECF No. 34 (some footnotes removed)].

The Undersigned recommended that MSP's motion be denied because it had failed to overcome the presumption that Abreu's counsel could adequately represent its interests. *Id.* MSP did not object to this recommendation, and it was adopted in whole by the District Court. [ECF No. 50]. Nor did MSP appeal the Order denying its request to intervene to oppose Defendant's motions to transfer.[2]

---

[2] In the Eleventh Circuit, a party may take an interlocutory appeal from denial of a motion to intervene as a matter of right. *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 214 (11th Cir. 1993).

After recommending denial of MSP's motion to intervene, the Undersigned also entered a Report and Recommendations,[3] recommending that Defendant's motion to transfer be granted under the first-to-file rule. [ECF No. 34]. Plaintiff filed objections/a motion for reconsideration [ECF No. 43]. Defendant filed a response [ECF No. 47] and Plaintiff filed a reply [ECF No. 49].

Judge Moreno held a hearing on Plaintiff's objections/motion for reconsideration, which was attended by Plaintiff, Defendant, and MSP. During the hearing, relevant to the instant motion to intervene, the following exchanges occurred:

> MR. RIVERO: Your Honor, Andrés Rivero together with Jorge Mestre and Amanda McGovern from Rivero Mestre; and you're right, Judge, we had sought leave to intervene which has not been granted as of this time.
> THE COURT: And you object to the Report and Recommendation?
> MR. RIVERO: We do, Your Honor.
> THE COURT: And did you do that already?
> MR. RIVERO: Not yet.
> THE COURT: When is the deadline for that?
> MR. MESTRE: The deadline passed, Your Honor. We didn't object.
> THE COURT: That's what I thought.
> MR. RIVERO: I apologize.
> ***
> THE COURT: The Report and Recommendation on the Motion to Intervene was not appealed. So I guess the Motion to Intervene should be denied. Am I right, potential intervenors?
> MR. MESTRE: Well, Your Honor, we would renew it.

---

[3] Although titled as an Order, the Undersigned recognized that there is a split in authority as to whether a magistrate judge is permitted to issue Orders on transfer motions or whether the motion is considered "dispositive," requiring a report and recommendations. [ECF No. 34]. The Undersigned cross-designated the Order as a contingent Report and Recommendations, *id.*, and Judge Moreno opted to treat it as a Report and Recommendations [ECF No. 52]. Thus, the Undersigned will refer to the document as a Report and Recommendations.

5

> THE COURT: Well, I don't know if you can -- I mean, **every once in a while we all have to be technical on things.** See, now I have it --
> (There was a brief interruption after which the following proceedings were held:)
> MR. MESTRE: Your Honor, we did feel that we should have been permitted to intervene. We decided at that time not to fight that fight given --
> THE COURT: Because you're covered anyway.
> MR. MESTRE: Well, I mean, we felt like we should have been permitted to be heard.
> THE COURT: The Court of Appeals sometimes has denied things in death penalty cases after time has expired. So I would think that on the Motion to Intervene, what I'm going to do is, today, **I'm going to deny it based upon the Report and Recommendation.**

[ECF No. 53 (emphasis supplied)].

Following the hearing, Judge Moreno entered an Order permitting the following additional briefing:

> [T]he Court will allow for either side to move to reconsider before Judge Goodman his order of February 16, 2022. Such motion to reconsider must be filed no later than April 5, 2022, with a response by April 15, 2022.
>
> The Court will ask Magistrate Judge Goodman to issue a Report and Recommendation supplementing his prior order transferring this case to the court which had the *Harris v. Pfizer* case, 1:21-cv-06789 (S.D.N.Y.), under the first to file rule. In addition the Court will allow either party to file a motion to transfer under 28 U.S.C. § 1404 . . .

[ECF No. 52].

Plaintiff timely filed his motion for reconsideration of the Undersigned's Report and Recommendations on Defendant's motion to transfer. [ECF No. 54]. On that same day, MSP filed the instant motion, seeking to intervene to oppose Defendant's motion to transfer. [ECF No. 55]. Defendant filed opposition responses to Plaintiff's motion for

reconsideration [ECF No. 56] and MSP's renewed motion to intervene [ECF No. 60]. In addition, within the permitted time, Defendant filed a motion to transfer under 28 U.S.C. § 1404. [ECF No. 61].

MSP's renewed motion is premised on grounds similar to those raised by Plaintiff in its objections and its motion for reconsideration: "the legal and factual landscape has changed drastically." *Compare* [ECF No. 54] *with* [ECF No. 55]. Based on these alleged recent factual and legal changes, MSP again requests to intervene either permissively or as a matter of right.

### II.     Legal Standard

Filing a motion for reconsideration should be a rare event. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, No. 05-80765-CIV, 2007 WL 1490933, at *1 (S.D. Fla. May 21, 2007) (a motion for reconsideration is appropriate only where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare"). Likewise, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002).

"A motion for reconsideration cannot be used to 'relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of

judgment.'" *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *see Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." (citation omitted)).

Courts recognize three grounds appropriate for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

If a party is relying on a change in the law or on the availability of new evidence, then that new development must be relevant to the issues on which the matter was initially decided. *See United States v. Mayer*, 760 F. App'x 793, 798 (11th Cir. 2019) (affirming the trial court's denial of the defendant's motion for reconsideration because he did not "show[] how the evidence he wished the court to take notice of . . . was relevant to the determination of any issue before the court"). Further, the newly discovered evidence must not only be new to the court, but it must also have been unavailable to the movant during the initial litigation. *Bell v. LNU*, No. CV 118-071, 2019 WL 1061679, at *2 (S.D. Ga. Mar. 6, 2019) ("New evidence warrants reconsideration only when it was previously unavailable."); *Durden v. State Farm Fire & Cas. Co.*, No. 1:15-cv-3971-WSD,

2017 WL 3723118, at *6 (N.D. Ga. Aug. 29, 2017); *see also Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("[P]arties cannot introduce new evidence post-judgment unless they show that the evidence was previously unavailable.").

    a. <u>Intervention of Right</u>

Federal Rule of Civil Procedure 24(a) requires the Court to permit a non-party to intervene who either "is given an unconditional right to intervene by a federal statute" or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(1)-(2).

In the Eleventh Circuit, to prevail under the second avenue, the individual seeking intervention of right must demonstrate that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1309 (11th Cir. 2004) (quoting *Worlds v. Dept. of Health and Rehab. Servs.*, 929 F.2d 591, 593 (11th Cir. 1991)).

If the putative intervenor fails to establish even one of these elements, intervention as a matter of right must be denied. *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020) ("Putative intervenors . . . bear the burden of proof to establish all four bases

9

for intervention as a matter of right."); *Am. Fed'n of State, Cty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 278 F.R.D. 664, 668 (S.D. Fla. 2011) ("All four elements of Rule 24(a)(2) must be met before intervention of right will be permitted . . . . [A] failure to prove any one of the elements requires a court to deny the motion.").

b. <u>Permissive Intervention</u>

Federal Rule of Civil Procedure 24(b) allows the court to permit a non-party to intervene who either "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 24(b)(1)(A)-(B).

The Eleventh Circuit has developed a two-part test an individual must meet to be permitted to permissively intervene: "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). Even if the individual meets both requirements, the District Court still has discretion to deny the request and may be reviewed only for abuse. *Id.*

**III. Analysis**

a. <u>MSP's Motion is Not Expressly Permitted by Judge Moreno's Order</u>

MSP frames the pending issue before the Court as "whether [D]efendant has met its burden under § 1404 for the Court to transfer the case [to the Southern District of New York]." [ECF No. 55]. It avers that it should be allowed to "intervene to oppose

10

[D]efendant's request to transfer the case" so that it can make "specific arguments, and provide evidence regarding the location of [its] data and the identities and location of relevant witnesses." *Id.* Defendant argues that MSP's motion should be denied because it "is procedurally improper" and merely "rehashes arguments already presented to and rejected by this Court." [ECF No. 60].

Defendant previously filed a motion to transfer venue to the Southern District of New York under the first-to-file rule and under 28 U.S.C. § 1404. [ECF No. 9]. MSP sought to intervene and oppose Defendant's request. [ECF No. 20]. The Undersigned recommended that MSP's motion be denied because Plaintiff's counsel was adequately representing MSP's interests in opposing Defendant's transfer request. [ECF No. 34].

After the Undersigned entered a report and recommendations, recommending that Defendant's motion to transfer be granted under the first-to-file rule (and declining to address the merits of its request to transfer under 28 U.S.C. § 1404), Plaintiff objected to the recommendation/requested reconsideration, and the matter was set for a hearing. [ECF Nos. 43-44; 53]. At the hearing, MSP indicated that it was objecting to the Undersigned's Report and Recommendations on its motion to intervene but admitted "[t]he deadline passed . . . [and] [it] didn't object." [ECF No. 53].

In a later discussion on its motion to intervene, MSP sought to renew its request to intervene. *Id.* Judge Moreno denied MSP's oral request to renew, stating "I don't know if you can . . . . The Court of Appeals sometimes has denied things in death penalty cases

11

after time has expired. So I would think that on the Motion to Intervene, what I'm going to do is, today, I'm going to deny it based upon the Report and Recommendation." *Id.*

Judge Moreno reached a different result as to Plaintiff's request for reconsideration and Defendant's request to transfer under 28 U.S.C. § 1404, informing the parties that he would think on the issue and "rule one way or another how to get through this." *Id.* In a subsequent written Order, Judge Moreno permitted two additional motions to be filed on the transfer by either party (i.e., Plaintiff and Defendant): (1) a motion for reconsideration; and (2) a motion to transfer under 28 U.S.C. § 1404. [ECF No. 52].

MSP has pointed to no ruling by the Court authorizing it to file its self-titled "renewed" motion. Indeed, the Undersigned can find no express or implicit grant of permission: (1) the Undersigned's Report and Recommendations did not recommend that MSP's original motion be denied without prejudice with leave to file a renewed motion [ECF No. 34]; (2) Judge Moreno orally rejected MSP's attempts to object to the Report and Recommendations and its request to renew its motion [ECF No. 53]; and (3) Judge Moreno's written Order permitted limited briefing by the parties to this case on specific issues, with specific deadlines. [ECF No. 55].

Therefore, the Undersigned finds that MSP's renewed request has not been implicitly or explicitly permitted by the Court.

> b. <u>MSP's Renewed Motion is Appropriately Construed as a Motion for Reconsideration</u>

12

Despite being titled as a "renewed" motion, MSP's motion is appropriately categorized as a motion for reconsideration. *See, e.g., Canto Marti v. Iberostar Hoteles y Apartamentos S.L.*, No. 20-20078-CIV, 2021 WL 1750081, at *1 (S.D. Fla. May 4, 2021) ("This matter is before the Court upon the [p]laintiff's renewed motion to vacate stay and to certify the Court's stay orders for interlocutory appeal, pursuant to 28 U.S.C. § 1982. The Court construes the [p]laintiff's motion as a motion to reconsider its prior order denying the [p]laintiff's motion to vacate[.]"); *Luberisse v. V & V Sons, Inc.*, No. 07-81064-CIV, 2008 WL 4820071, at *1 (S.D. Fla. Nov. 3, 2008) ("Nonetheless, [the defendant] seeks to 'renew' the previously-filed motion to dismiss. To the extent this 'renewal' motion can be construed as a motion for reconsideration, the Court notes that [the defendant] has failed to set forth any of the grounds for relief under Rule 60 of the Federal Rules of Civil Procedure."); *L.M.P. ex rel. E.P. v. Fla. Dep't of Educ.*, No. 06-61897-CIV-JOHNSON, 2008 WL 4218120, at *5 (S.D. Fla. Sept. 15, 2008), aff'd, 345 F. App'x 428 (11th Cir. 2009) (denying the plaintiff's renewed motion for partial summary judgment, which the court construed as a motion for reconsideration).

MSP claims that four "legal and factual" changes have occurred "since the Court denied MSP's request": (1) the *MSP* and *Houghton* cases were transferred from United States District Court Judges Roy K. Altman and Robert N. Scola, respectively, to Judge Moreno, which means all three pending Southern District of Florida Pfizer cases are before the same judge; (2) *Harris*, the earlier-filed Pfizer case in the Southern District of

13

New York, was dismissed on the merits; (3) *Webb*, the other earlier-filed Pfizer case in the Southern District of New York, was voluntarily dismissed; and (4) "the Report and Recommendation[s] on [D]efendant's motion to transfer and the resulting motion for reconsideration make clear that MSP should be permitted to intervene because only it possesses the necessary first-hand knowledge of MSP's operations to defend against defendant's assertion that the § 1404 factors weigh in favor of transfer." [ECF No. 55 (internal citations removed and some alterations made)].

Defendant argues that MSP's renewed motion should be denied because it merely "rehashes its previously rejected arguments" and "has not demonstrated the substantially new circumstances, evidence or law that would permit such a renewed motion because the 'changed' circumstances [it] cite[s] did not factor into the Court's original denial and were clearly foreseeable." [ECF No. 60]. MSP claims that the reason these circumstances did not factor into the earlier Report and Recommendations is "because they hadn't yet occurred" and are therefore "'changed circumstances' that make MSP's motion warranted." [ECF No. 62].

To begin, MSP misconstrues Defendant's position. Defendant does not argue that these changes were not considered, it argues that these circumstances (as they are now or as they were at the time of the initial motion) were not part of the analysis. In other words, Defendant argues that these alleged changes are not relevant.

Although MSP claims that there are "legal and factual" changes, none of the four changes concern an intervening change in controlling law. Therefore, the only remaining permissible changed circumstance appropriate for a motion for reconsideration is newly discovered evidence. *Instituto de Prevision Militar*, 485 F. Supp. 2d at 1343. Of the four identified changed circumstances, only the first three could be considered "newly discovered evidence." This is because they relate to factual events which occurred after the Report and Recommendations.

The fourth "change" -- the findings in the Report and Recommendations and the arguments raised by Plaintiff in his objections -- is not newly discovered evidence; it is merely dissatisfaction with the Court's ruling. *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007) ("[M]ere disagreement with the Court's conclusions is not enough" to justify reconsideration.); *see also Michael Linet, Inc.*, 408 F.3d at 763 (rejecting appellant's argument that the district court erred in its denial of his motion to amend or alter judgment because his motion merely "urged [the trial court] to reconsider its ruling because [he] disagreed with the district court's treatment of certain facts and its legal conclusions").

The remaining three changed circumstances concerning procedural events in multiple Pfizer lawsuits in this district and in New York, which could correctly and technically be classified as newly discovered evidence, do not substantively impact the Undersigned's earlier consideration of the merits of MSP's request. In the beginning of

15

its motion, MSP makes circular arguments that these changes necessitate reconsideration but the merits section of its motion reveals the lack of relevancy.

In the merits section of MSP's motion, it argues all four elements necessary for intervention as a matter of right:

First, it claims that its request is timely because it was filed shortly after the changed circumstances occurred and the case is still in its infancy.

Second, it repeats its argument from its first motion on this issue of whether it has a legally protectable interest.

Third, it repeats its argument from its first motion on whether it could be adversely impacted by an unfavorable ruling on Defendant's transfer motion.

Fourth, on the issue of adequate representation -- which is the ground the Undersigned found lacking in MSP's initial motion -- MSP freshly argues that it is best positioned to provide arguments on the § 1404 factors, which MSP notes were highlighted as important by the parties and the Undersigned's first Report and Recommendations on Defendant's initial transfer motion.

Notably absent from this argument, and any other merits section of MSP's motion, is how any of the changed circumstances concerning the judge to which MSP's case is assigned or the dismissal of the Southern District of New York cases impact the Undersigned's assessment of MSP's earlier motion to intervene.

16

Instead, MSP's claim is grounded on the argument that there is "information that only it [] possess[es], such as the system used to store the data, that specific Florida location of the assignor data and the identities and specific Florida location of relevant witnesses," which "it would be able to provide evidence [of] in the form of a declaration to support that fleshed-out argument." [ECF No. 55]. Essentially, MSP argues that it should be permitted to submit evidence relevant to the § 1404 factors.

To be sure, this information is relevant; Plaintiff and Defendant each argued in their initial memoranda -- both filed *before* MSP filed its first motion to intervene -- how the location of the parties, witnesses, and data was relevant to their respective positions on whether Plaintiff's case should be transferred. *See* [ECF Nos. 9 (Defendant arguing that convenience of the parties, witnesses, and location of relevant documents justifies transfer); 18 (Plaintiff arguing that convenience of the parties, witnesses, and location of relevant documents justifies denying transfer request)].

However, MSP's knowledge of the relevance of such information is not something newly created by the dismissal of the Southern District of New York case or the transfer of its case to Judge Moreno. Likewise, the changed circumstances have had no impact on the location of MSP's relevant documents or witnesses or on how it will be inconvenienced by a transfer.

MSP claims that the *Harris* dismissal "changed the scope of the transfer argument." [ECF No. 62]. This argument misses the mark. The dismissal changed the legal scope of

17

only one specific argument -- whether the dismissal of the earlier- filed case precludes application of the first-to-file rule -- but it did not change or make newly relevant MSP's arguments on the § 1404 factors, which have been factors argued by both Plaintiff and Defendant since Defendant first filed a motion to transfer.

In MSP's view, any changed circumstance is sufficient, and district courts "routinely grant renewed [motions to intervene]" in these situations. [ECF No. 62]. In support of this contention, MSP cites only *Gravina Siding & Windows, Co. v. Gravina's Window Serv.*, No. 1:19-CV-00166-JLK, 2019 WL 12287634, at *1 (D. Colo. Dec. 10, 2019). MSP is correct that the *Gravina Siding & Windows, Co.* Court granted a renewed motion to intervene, but it neglects to mention that the Court explicitly denied the initial motion without prejudice with instruction that it be renewed after a counterclaim was filed. Thus, in that case, unlike here, a renewed motion was contemplated and explicitly welcomed by the Court in its initial denial. This is not comparable to the instant situation.

In its reply, MSP acknowledges "the correctness of the underlying initial Order by this Court" and admits that it is "only fil[ing] the renewed motion because the circumstances ha[ve] changed -- not because the Court got it wrong the first time." [ECF No. 62]. Therefore, MSP concedes that there was no clear error in the initial ruling. And, because MSP has also not argued that reconsideration is necessary to cure a manifest injustice, the Undersigned is left with only MSP's claim of newly discovered evidence as grounds for reconsideration.

This newly discovered evidence, however, is insufficient because it is not relevant to the Court's initial ruling, nor is it relevant to MSP's new § 1404 arguments -- which could have been raised in its initial motion -- on the merits of its renewed motion. *See, e.g., Valdes v. Sch. Bd. of Miami-Dade Cnty.*, 806 F. App'x 722, 725 (11th Cir. 2020) (affirming denial of motion for reconsideration where movant "did not present any relevant new evidence or manifest errors of law or fact" in her motion); *Steel Works Rebar Fabricators, LLC v. Alterra Am. Ins. Co.*, No. 11-24032-CIV, 2012 WL 1414142, at *2 (S.D. Fla. Apr. 20, 2012) (denying motion for reconsideration, in part, because the movant could not "point to any new evidence relevant to this dispute"); *O'Boyle v. Sweetapple*, No. 14-CV-81250, 2016 WL 9559953, at *3 (S.D. Fla. Aug. 4, 2016) (denying motion for reconsideration, in part, because there was "no relevant new evidence" available).

In summary, MSP is not entitled to reconsideration as there has been no intervening change in controlling law, no new relevant evidence is available, and there is no need to correct clear error or manifest injustice. MSP's motion is merely an attempt to relitigate a resolved issue based on arguments previously raised or arguments which could have been raised in its initial motion.

IV.     **Conclusion**

For the reasons discussed above, the Undersigned **respectfully recommends** that the District Court **deny** MSP's Renewed Motion to Intervene to Oppose Defendant's Request to Transfer Case.

V.  **Objections**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Federico A. Moreno. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on June 22, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record