**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 21-cv-62122-FAM

JUAN ABREU, individually, and on behalf of
all others similarly situated,

                              Plaintiff,

            vs.

PFIZER INC.,

                              Defendant.

_____ /

**DEFENDANT PFIZER INC.'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE**
**MAGISTRATE JUDGE'S JUNE 22 RULING**

## **TABLE OF CONTENTS**

INTRODUCTION ...............................................................................................................1

BACKGROUND ...............................................................................................................1

    A.    *Abreu* Is the Sixth Complaint Related to Pfizer's Recall of Chantix.......................1

    B.    Pfizer's Motion to Transfer.................................................................................2

    C.    The February 16 Ruling and Subsequent Events..................................................2

ARGUMENT ....................................................................................................................2

    A.    The First-to-File Rule Still Applies. ...................................................................2

    B.    Magistrate Judge Goodman Also Properly Granted Transfer Under 28
         U.S.C. § 1404.....................................................................................................5

         1.    The Locus of *Operative* Facts Favors the SDNY (Factor Four)................6

         2.    The Convenience of the Witnesses and Parties Favor the SDNY
             (Factors One and Three) ...................................................................7

         3.    Trial Efficiency and the Interests of Justice Strongly Favor the
             SDNY (Factor Nine) ........................................................................9

         4.    The Court Correctly Accorded No Weight to Plaintiff's Choice of
             Forum (Factor Eight) .....................................................................13

         5.    The Court Correctly Concluded that the Availability of Process to
             Compel Attendance of Unwilling Witnesses Did Not Weigh in
             Plaintiff's Favor (Factor Five) ........................................................15

         6.    The Court Correctly Concluded that the Forum's Familiarity with
             Governing Law Was Neutral (Factor Seven)...................................16

         7.    The Court Correctly Concluded that the Relative Means of the
             Parties (Factor Six) Should Be Accorded Little Weight...........................16

    CONCLUSION....................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

CASES                                                                                    PAGE(S)

*AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*,
    No. 16-24272-CIV-MORENO, 2017 WL 222053 (S.D. Fla. Jan. 18, 2017) ...........................4

*Amaya v. Victoria's Secret Stores, LLC*,
    No. 08-81367-CIV, 2009 WL 10667492 (S.D. Fla. Aug. 3, 2009) ...............................6, 9, 11

*Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,
    571 U.S. 49 (2013) .....................................................................................................15

*Balloveras v. Purdue Pharma Co.*,
    No. 04-20360-CIV, 2004 WL 1202854 (S.D. Fla. May 19, 2004) (Moreno, J.)...........6, 10, 13

*Clinton v. Sec. Benefit Life Ins. Co.*,
    No. 19-24803-CIV, 2020 WL 6120565 (S.D. Fla. June 29, 2020)...................................13, 14

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)....................................................................................................10

*Daugherty v. Adams*,
    No. 1:16–CV–02480, 2017 WL 5484699 (N.D. Ga. Mar. 22, 2017) .......................................4

*Harris v. Pfizer Inc.*,
    --- F. Supp. 3d ----, No. 1:21-cv-06789, 2022 WL 488410 (S.D.N.Y. Feb. 16, 2022)...........16

*Harvard v. Inch*,
    408 F. Supp. 3d 1255 (N.D. Fla. 2019).................................................................................15

*Manuel v. Convergys Corp.*,
    430 F.3d 1132 (11th Cir. 2005) ...................................................................................14, 17

*Maxon v. Sentry Life Ins. Co.*,
    No. 6:17-CV-1569-ORL40TBS, 2018 WL 3850011 (M.D. Fla. Apr. 11, 2018)...................16

*MSP Recovery Claims, Series LLC v. Wesco Ins. Co.*,
    No. 20-CV-24048, 2021 WL 1043892 (S.D. Fla. Feb. 4, 2021) ....................................4, 8, 10

*MSPA Claims 1, LLC v. Halifax Health, Inc.*,
    No. 17-20706-CIV, 2017 WL 7803813 (S.D. Fla. Oct. 13, 2017) ..........................................13

*Nat'l Trust Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*,
    223 F. Supp. 3d 1236 (M.D. Fla. 2016).............................................................................9, 16

*Point Blank Enters., Inc. v. Iten Indus., Inc.*,
    No. 20-CV-62482-WPD, 2021 WL 4711921 (S.D. Fla. May 6, 2021)...................................13

*In re Ricoh Corp.*,
    870 F.2d 570 (11th Cir. 1989) ................................................................................15

*Rojas v. Am. Honda Motor Co.*,
    No. 19-21721-CIV, 2019 WL 6324616 (S.D. Fla. Nov. 26, 2019) ........................6, 10, 12, 16

*Savage v. Seterus, Inc.*,
    No. 2:19-CV-14256, 2020 WL 230982 (S.D. Fla. Jan. 15, 2020).........................................3, 4

*Strother v. Hylas Yachts, Inc,*,
    No. 12-80283-CV, 2012 WL 4531357 (S.D. Fla. Oct. 1, 2012)................................................2

*Univ. of Pittsburgh of Commw. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*,
    No. C-08-2973, 2008 WL 4279704 (N.D. Cal. Sept. 16, 2008)....................................4, 10, 11

*Wheeling-Pittsburgh Steel Corp. v. U.S. E.P.A.*,
    No. CIV. A. 98-4654, 1999 WL 111459 (E.D. Pa. Mar. 3, 1999)..........................................10

*Young v. L'Oreal USA, Inc.*,
    526 F. Supp. 3d 700 (N.D. Cal. 2021) ............................................................................ passim

*Young v. West Pbl'g Corp.*,
    724 F. Supp. 2d 1268 (S.D. Fla. 2010) ...................................................................................5

**STATUTES**

28 U.S.C. § 1404................................................................................................................1, 2, 5

## INTRODUCTION

Magistrate Judge Goodman properly transferred this consumer fraud class action under both the first-to-file rule and 28 U.S.C. § 1404 to the Southern District of New York ("SDNY"), where the first of ten analogous class actions had been filed and where District Judge Denise Cote had previously dismissed that first-filed action on the merits, *Harris v. Pfizer*, 1:21-cv-06789 (S.D.N.Y.). Plaintiff now seeks for a second time to overturn Magistrate Judge Goodman's transfer ruling. For the reasons set forth below, the Court should overrule Plaintiff's Objection ("Obj.") and adopt Magistrate Judge Goodman's well-reasoned 53-page June 22, 2022 Order, ECF No. 66 (the "R&R").

In both denying Plaintiff's motion for reconsideration of the February 16, 2022 ruling on Pfizer's first motion to transfer ("February 16 Ruling"), which granted transfer under the first-filed doctrine and now also granting transfer under 28 U.S.C. § 1404, Magistrate Judge Goodman "conclude[d] that Plaintiff's counsel is forum shopping." R&R at 27. As the R&R stated: "[t]he Court must discourage such clear-cut forum shopping by counsel … Selectively dismissing certain cases to avoid the application of a doctrine of law must also be discouraged." R&R at 50. This finding weighed heavily in Magistrate Judge Goodman's analysis of the factors addressing the weight to afford Plaintiff's choice of forum and judicial efficiency and the interests of justice.

Sustaining Plaintiff's newest Objection would reward Plaintiff's counsel's "calculated steps in filing, serving, and dismissing cases – all seemingly with the intent to choose what it views as the best jurisdiction in which to proceed" and undermine the purpose of both of these transfer doctrines. R&R at 27. Thus, for all the reasons Pfizer argued previously, transfer is warranted.

## BACKGROUND

### A.   *Abreu* Is the Sixth-Filed Complaint Related to Pfizer's Recall of Chantix.

On August 12, 2021, plaintiff Roslyn Harris filed in the SDNY the first of ten putative class action suits against Pfizer related to its voluntary, precautionary recall of Chantix. R&R at 3-4. Almost seven weeks later, on September 29, 2021, the law firm representing Plaintiff filed its first copycat action premised on the Chantix recall in the Eastern District of Pennsylvania. *See id.* at 5. That complaint was followed by six additional copycat complaints in different districts over the next two weeks. *See id*. This action is the sixth action filed in the sixth venue. *See id.* at 4. The named plaintiff in each copycat complaint purports to represent the same nationwide class. *See* ECF No. 9-1, Exs. 3–9.

The first-filed *Harris* complaint alleged that the plaintiff purchased Chantix that "was unsafe" and "worthless." *See* ECF No. 9 at 4. When Plaintiff in this case filed his complaint almost two months later, he too alleged that the Chantix he purchased was "unsafe" and "worthless." ECF No. 1, ¶¶ 10, 129, 131.

**B.      Pfizer's Motion to Transfer.**

Pfizer originally filed its Motion to Transfer on November 5, 2021. ECF No. 9. Plaintiff opposed and sought to make this District the "center of gravity for Chantix contamination cases" (ECF No. 18 at 5), through "informal coordination efforts by the three plaintiff's counsel" who represented plaintiffs with cases in this District. R&R at 10. In support of this strategy, MSP – one of the other plaintiffs with a case pending in this District – twice has moved to intervene in this case and oppose transfer. *See* ECF No. 20; ECF No. 55.

**C.      The February 16 Ruling and Subsequent Events.**

In the February 16 Ruling, Magistrate Judge Goodman granted Pfizer's motion to transfer under the first-to-file rule. Later that day, Judge Cote dismissed *Harris* with prejudice because the plaintiffs failed to state a claim upon which relief could be granted. *See Harris v. Pfizer Inc.,* --- F. Supp. 3d ----, No. 1:21-cv-06789, 2022 WL 488410 at *1 (S.D.N.Y. Feb. 16, 2022). The next day, Plaintiff's counsel voluntarily dismissed *Webb*, their copycat case filed in the SDNY and before Judge Cote, even though the case was jointly stayed by the parties pending a ruling on the transfer motion. *See* R&R at 47. Plaintiff then objected to the February 16 Ruling, arguing that now that both cases in the SDNY had been dismissed, the first-filed doctrine no longer applied. ECF No. 43 at 2. This Court permitted Plaintiff to move for reconsideration of the February 16 Ruling and Pfizer to renew its motion for transfer under 28 U.S.C. § 1404. *See* ECF No. 52. On June 22, Magistrate Judge Goodman issued a second report and recommendation, recommending that this Court grant Pfizer's motion to transfer both because of the first-filed doctrine and 28 U.S.C. § 1404. *See generally* R&R.

## ARGUMENT

**A.      The First-to-File Rule Still Applies.**

Magistrate Judge Goodman's well-reasoned decision, which denied Plaintiff's motion for reconsideration of his grant of transfer under the first-filed rule, was correctly decided. "[I]n applying the first-to-file rule, judges are afforded 'an ample degree of discretion.'" *Strother v. Hylas Yachts, Inc.,* No. 12-80283-CV, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012). "The

purposes of the first-filed rule are to avoid the waste of judicial resources, inconsistent rulings, and piecemeal litigation." *Savage v. Seterus, Inc.*, No. 2:19-CV-14256, 2020 WL 230982, at *2 (S.D. Fla. Jan. 15, 2020).  "[A] court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) (citations omitted).  In such an instance, "a court must see if the three pillars supporting the first-to-file rule—economy, consistency, and comity—still warrant a transfer…."[1] *Id.*

 *L'Oreal* is directly on point here.  *See Id.* at 700.  There, consumers who were allegedly misled into purchasing cosmetic products with a defective pump brought a second putative nationwide class action.  *Id.*  The first-filed action (*Critcher*) had been pending in the SDNY but was dismissed on the merits before a ruling on the motion to transfer.  *Id.* at 704.  The court granted transfer "despite that the *Critcher* case [wa]s no longer pending," explaining:

> [T]here is little doubt that Plaintiffs and plaintiffs' counsel seek to avoid *Critcher*'s adverse ruling and to illicit a favorable, yet inconsistent, judgment.  That very conduct is exactly what the first-to-file rule is intended to prevent.  Accordingly, the Court finds that maintaining judicial consistency and federal comity counsels strongly for applying the first-to-file rule.

*Id.* at 707.  The court further found that transfer would "promote judicial efficiency" because "[i]f this Court were to ignore the first-to-file rule, it would squander any litigation that had already taken place in *Critcher* and duplicate [the Judge's] work.  The Court has no desire to do either, 'all while risking conflicting judgments.'"  *Id.* at 708.

 Here, just as in *L'Oreal*, the principles underlying the first-to-file rule support transfer.  The R&R "conclude[d] that Plaintiff's counsel is forum shopping" (R&R at 27), and that gamesmanship continued after the Court issued the February 16 Ruling when Plaintiff's counsel voluntarily dismissed *Webb* with the intent of depriving the SDNY of its other pending case (also filed before this one).  Plaintiff used that dismissal to argue the first-to-file rule no longer applied because he apparently believes that this Court's ruling on a motion to dismiss could be more favorable than Judge Cote.  ECF No. 43 at 4-5.  Therefore, allowing this case to proceed here

---

[1] Plaintiff also asserts that he challenged application of the first-filed rule because the parties are not the same.  Obj. at 3 n.3.  This is incorrect.  Plaintiff did not move for reconsideration of the February 16 Ruling on that basis.  *See* ECF No. 37.  In any event, Plaintiff was a class member of *Harris* since each of these copycat actions have asserted the same nationwide class.  *See* R&R at 26.

would reward the very conduct that the first-to-file rule is intended to prevent.  In addition, Judge Cote has already spent time and resources resolving the merits of the claims presented by these nearly identical putative class actions.  Allowing *Abreu* to continue in this District creates the possibility of inconsistent judgments and may waste judicial resources.[2]  *See AIG Prop. Cas. Co. v. Charlevoix Equity Partners Int'l Inc.*, No. 16-24272-CIV-MORENO, 2017 WL 222053, at *1 (S.D. Fla. Jan. 18, 2017) ("[I]t is in the interests of judicial economy not to have two district judges adjudicating the [same] issues.").

Now that Judge Cote has decided *Harris*, "the public interest in avoiding duplicative litigation weighs strongly in favor of transfer" because the cases are "essentially indistinguishable," and Judge Cote is "more familiar" with the issues.  *Univ. of Pittsburgh of Commw. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, No. C-08-2973, 2008 WL 4279704, at *3 (N.D. Cal. Sept. 16, 2008) ("[G]iven the [ ] court's investment of time and effort in the subject litigation, there is little question that 'litigating this matter here would squander judicial resources."); *see also MSP Recovery Claims, Series LLC v. Wesco Ins. Co.*, No. 20-CV-24048, 2021 WL 1043892, at *3 (S.D. Fla. Feb. 4, 2021) (transferring case to SDNY where related case had been dismissed because "[a]lthough Plaintiffs' complaint in the New York Action did not survive dismissal, the motion to dismiss was extensively briefed [and] . . . the New York court ultimately issued a ten-page order dismissing the case. . . . [so] it cannot be said that the Southern District of New York is not more familiar than this Court with the claims at issue."); *Savage*, 2020 WL 230982, at *3 (granting transfer for later-filed overlapping class action; the parties who "share[d] counsel" "s[ought] rulings on many of the same legal issues that ha[d] been raised and ruled upon" by the first-filed court).

The cases Plaintiff cites do not support a different result.  *Daugherty v. Adams* is easily distinguishable.  *See* No. 1:16–CV–02480, 2017 WL 5484699, at *10 (N.D. Ga. Mar. 22, 2017). There, the earlier filed action was not dismissed on the merits, but instead "for lack of personal

---

[2] Plaintiff's attempt to distinguish the holding in *L'Oreal* because the earlier-filed case had been pending longer fails.  Obj. 3-4.  The Court's holding focused on Plaintiff's desire to elicit an inconsistent ruling and the waste of the Court's resources, not the length of time the case was pending.  *See L'Oreal*, 526 F. Supp. 3d at 706 ("a court is not stripped of its discretion to apply the first-to-file rule even though the first-filed action is no longer pending. . . .  Rather, a court must see if the three pillars supporting the first-to-file rule—*economy, consistency, and comity*— still warrant a transfer, stay, or dismissal of the subsequently filed action.") (emphasis added).

jurisdiction." *Id.* In reaching its holding, the Court also noted that the plaintiffs had "fail[ed] to cite any authority showing that a previously dismissed case c[ould] be considered 'pending.'" Not so here. As Pfizer explained, cases that are dismissed on the merits are differently situated and the first-filed rule has still been applied in those circumstances. R&R at 15

Finally, while Plaintiff relied heavily on *Young v. West Publishing Corp.*, to oppose Pfizer's Motion, Magistrate Judge Goodman correctly acknowledged that: (1) *Young* simply noted that a Court could choose in such a situation not to apply the first-filed doctrine (not that it had to refrain from applying the rule); and (2) its discussion was dicta. R&R at 15. In *Young*, the magistrate judge used his discretion not to apply the rule but the subsequent events in *Young* illustrate why the Court should employ its discretion and apply the first-to-file rule here. *See* No. 09-22426-CIV, 2010 WL 11597583, at *1 (S.D. Fla. Jan. 6, 2010).[3] In *Young*, after the magistrate judge denied transfer, this Court was forced to duplicate work by analyzing a motion to dismiss raising analogous issues previously decided by the first-filed court. *Young v. West Pbl'g Corp.*, 724 F. Supp. 2d 1268, 1270 (S.D. Fla. 2010). This Court dismissed *Young* relying heavily on the first-filed Court's rulings on both standing and failure to state a claim. *See id.* It is precisely that duplication of effort—and plaintiffs' strategic efforts to avoid adverse rulings—that the first-filed rule seeks to avoid.

Thus, Magistrate Judge Goodman did not err by denying Plaintiff's motion for reconsideration of his February 16 Ruling granting transfer under the first-filed doctrine.

**B.   Magistrate Judge Goodman Also Properly Granted Transfer Under 28 U.S.C. § 1404.**

Pfizer also renewed its motion to transfer the case under 28 U.S.C. § 1404, which Magistrate Judge Goodman granted. In reaching his recommendation, Magistrate Judge Goodman concluded that four of the nine factors were the "key factors" for the facts of this case: (1) Plaintiff's choice of forum; (2) the locus of the operative facts; (3) convenience of the parties and the witnesses; and (4) the interests of justice. R&R at 22. None of these four key factors weighed against transfer and all but Plaintiff's choice of forum weighed in favor of transfer.

---

[3] The magistrate judge issued an order (not a report & recommendation) on the motion to transfer, so this Court never ruled on the transfer. *See id.* at 3 (issuing final order on motion to transfer).

1.      **The Locus of *Operative* Facts Favors the SDNY (Factor Four).**

Magistrate Judge Goodman correctly determined that Pfizer "ha[d] met its burden … to establish that among the loci of operative facts, New York is home to a considerable amount," which "tilts in favor of transfer."  R&R at 33.  This determination is in accord with other courts that routinely hold that the locus for consumer class actions is the defendant's headquarters.  *See, e.g.*, *Balloveras v. Purdue Pharma Co.*, No. 04-20360-CIV, 2004 WL 1202854, at *2 (S.D. Fla. May 19, 2004) (Moreno, J.) (granting transfer); *Rojas v. Am. Honda Motor Co.*, No. 19-21721-CIV, 2019 WL 6324616, at *4 (S.D. Fla. Nov. 26, 2019) (granting transfer to the district containing the defendant's principal place of business); *see also Amaya v. Victoria's Secret Stores, LLC*, No. 08-81367-CIV, 2009 WL 10667492, at *5-6 (S.D. Fla. Aug. 3, 2009) ("federal courts hold that the federal district in which a company is headquartered has a unique and compelling interest in adjudicating claims relating to that company.").  For example, in *Balloveras*, this Court granted transfer of a consumer class action against Purdue Pharma alleging "illegal sale and marketing" of Oxycontin and asserting a FDUTPA claim to the SDNY after finding that the Company's "operations and the specific conduct giving rise to the instant action all took place in the New York metropolitan area."  *See* 2004 WL 1202854, at *1-2.

The same result is compelled here.  Plaintiff's Complaint alleges that Pfizer "illegally … manufactured, distributed and/or introduced into the market" Chantix and brings various claims, including a FDUTPA claim.  Compl., ¶ 201.  Pfizer submitted a declaration outlining that Chantix was developed, tested, and commercialized in the New York area.  ECF No. 56-5 ("McRae Decl."), ¶¶ 4–5.  Pfizer scientists discovered the active ingredient in Chantix, varenicline, in a laboratory located in the New York area.  *Id.* ¶ 5.  "For more than 20 years, the clinical, medical, regulatory, safety, and commercial strategy for Chantix was developed and executed by Pfizer employees based primarily in New York or in the New York area."  *Id.* ¶ 4.  Similarly, Pfizer employees from the New York area communicated with regulatory authorities regarding Chantix.  *Id.* ¶ 4.

Plaintiff argues that Magistrate Judge Goodman committed error by focusing on two words – "design" and "marketing" – in Plaintiff's more than 238 paragraph Complaint.  Obj. at 10.  This is incorrect.  The R&R quoted extensively from six different paragraphs as "illustrative examples" of Plaintiff's complaint – including the first paragraph, which prominently features the reference to "design" and "marketing" – as well as from another paragraph, which expressly alleges that

Pfizer "affirmatively misrepresented and warranted to consumers through their websites, brochures, and other *marketing* or information materials." *Id.* at 29-30 (emphasis added).

Plaintiff also argues that since Chantix is manufactured overseas, the proper locus of the dispute is this District. *See* Obj. at 9-10. But in *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, the Court granted transfer, explaining that plaintiff's attempt to "redirect the Court to aspects of this case that do not tie to California" "did not obviate the indisputable fact that no aspect of the design or development of the Accused Products occurred in the Southern District of Florida." 157 F. Supp. 3d 1219, 1228 (S.D. Fla. 2016). Thus, if the location of manufacturing is all that matters (and, as the R&R already explained, it is not), Florida cannot be the locus because no part of Chantix's manufacturing occurs in this District. McRae Decl., ¶¶ 6-8.

Finally, Plaintiff asserts that the Pfizer entities that own Chantix patents are not located in New York. *See* Obj. at 15. Yet, whether entities related to Pfizer hold patents registered in another jurisdiction has absolutely no bearing on whether the SDNY or this District is the more convenient forum for this consumer class action. Plaintiff also asserts that some unspecified "sales or marketing activities" "appear to emanate from North Carolina and Kansas" (*id.*), but he does not allege how that would make this District a more suitable forum than the SDNY.

Thus, the Court correctly held that New York is a locus of the dispute and that "Florida has no connection to this case other than it being the location of the named Plaintiff," making this factor "tilt[] in favor of transfer." R&R at 33.

**2.    The Convenience of the Witnesses and Parties Favor the SDNY (Factors One and Three).**

This Court correctly concluded that the convenience of the parties and witnesses "slightly favor[ed] transfer."[4] R&R at 51-52. Plaintiff's Objection retreads the same arguments twice rejected by Magistrate Judge Goodman. First, the R&R properly rejected Plaintiff's argument that the convenience of the parties and witnesses weighed in favor of this District because his doctor and pharmacy are purportedly located here. *See* Obj. at 6-8. This Court correctly noted that since this is a putative class action, "[t]he specific manner in which this individual plaintiff was prescribed and obtained Chantix will have no relevance in this putative *class action* lawsuit." R&R at 37-38 (emphasis in original). The R&R also credited the fact that "Plaintiff ma[de] no mention

---

[4] Magistrate Judge Goodman determined that the convenience of the parties "slightly favor[ed] transfer or should be neutral." R&R at 52.

in his Complaint of [his] specific interactions" with either "his doctor [or] pharmacy."  R&R at
32-33.

Second, the R&R also correctly afforded no weight to the location of the three named
plaintiffs with cases pending in this District because "Plaintiff's 'testimony [on the substantive
merits] is unlikely to be required as he is merely a class representative."  *Id.* at 38 (quoting
*Balloveras*, 2004 WL 1202854, at *2).  And, neither MSP nor Houghton (the other two plaintiffs
with cases pending here) is a witness, let alone a key witness, who could address whether Pfizer is
liable to consumers in this action.  Finally, MSP has not demonstrated that this District has personal
jurisdiction over Pfizer related to MSP's claims, such that the *MSP* case should even be considered
in the Court's analysis.  *See* ECF No. 37 at 20 (Magistrate Judge Goodman was "unconvinced"
that MSP's "relationship with the Southern District of Florida [wa]s . . . unique and powerful
because "MSP's claims against Pfizer arise from transactions in Rhode Island, Florida, New York,
Ohio, and Connecticut").

Third, Plaintiff once more argues that Apotex Corporation is a "key non-party" and is
headquartered in this District.  *See, e.g.*, Obj. at 5.  Yet, Apotex is not, in fact, Pfizer's distributor
(as alleged in the Complaint), but a generic pharmaceutical manufacturer, which is a competitor
of Pfizer.  *See* McRae Decl., ¶ 14-16.  Similarly, the Plaintiff provided only an "extremely vague"
statement about Apotex's purported critical knowledge, which Magistrate Judge Goodman
correctly discounted.  R&R at 38.  Thus, no basis exists to conclude that what Apotex knew and
when about the potential presence of nitrosamines in its own generic product has relevance to this
case or that Apotex's testimony will be needed at a trial of this matter.  Similarly, as Plaintiff
challenges Pfizer's purported failure to disclose the presence of the nitrosamine to consumers,
Apotex's manufacturing process is not relevant to Pfizer's purported liability in this action.  *See*
Obj. at 6.[5]

_____

[5] Finally, regardless of any weight given to plaintiff's counsel's location, the convenience of the
parties still "should be treated as neutral or as slightly favoring [Pfizer]" because the weight
afforded Pfizer "based on its location . . . still outweighs the *de minimis* inconvenience the class
will suffer litigating this case in New York."  R&R at 41.  Moreover, the convenience of witnesses
also weighs in favor of transfer because Pfizer "has established that multiple witnesses . . . would
be inconvenienced" and Plaintiff has failed "to establish any relevant witness inconvenience."
R&R at 39.

Thus, the convenience of the parties and the witnesses favor transfer.[6]

### 3.      The Interests of Justice and Judicial Efficiency Strongly Favor the SDNY (Factor Nine).

The R&R correctly concluded that this factor weighed in favor of transfer.  Magistrate Judge Goodman explained that the interests of justice "warrant[ed] heavy consideration on these facts" given that Plaintiff's counsel unilaterally dismissed the *Webb* case after the February 16 Ruling and after Judge Cote granted Pfizer's motion to dismiss in *Harris*, which is the only reason there is no live Chantix case in New York.  *See* R&R at 22.  Specifically, Magistrate Judge Goodman concluded that the *Webb* voluntary dismissal was "an important factor for consideration because Plaintiff's counsel's four other nationwide Pfizer cases are all still pending."  R&R at 47.  That *Webb* was voluntarily dismissed even though it "was stayed like the other four still-pending Chantix cases" compelled him to conclude that Plaintiff's counsel's "actions following the [February 16 Ruling] confirm the theory that Plaintiff's counsel was, and is, forum shopping."  R&R at 48.  Allowing such forum shopping would be contrary to the interests of justice.

While the interests of justice clearly weigh in favor of transfer here, judicial efficiency also does because "[i]f this Court were to ignore the first-to-file rule, it would squander … litigation that had already taken place in [*Harris*] and duplicate the Judge's work."  *L'Oreal*, 526 F. Supp. 3d at 708.  Judge Cote has already assessed these issues and is best positioned to determine whether she would adjust her prior ruling in *Harris* to Plaintiff Abreu's allegations.  Moreover, with *nine* cases still pending against Pfizer in *seven* districts nationwide, transfer to the jurisdiction where Pfizer is subject to general jurisdiction and can hear all cases together would be most efficient. *See* McRae Decl., ¶ 3.

The "Supreme Court has held that two cases involving the same issues that are 'simultaneously pending in different District Courts leads to a wastefulness of time, energy, and money that Section 1404(a) was designed to prevent.'"  *Amaya*, 2009 WL 10667492, at *6 (quoting

---

[6] The Court found the second factor, the location of evidence, to be neutral, as it had previously held in its February 16 Ruling.  *Id.*  Plaintiff contests this finding, but previously acknowledged that this factor is irrelevant in the modern age.  *See* ECF No. 63 at 11-12 (arguing that "the consensus among courts is that this factor has little if any relevance anymore 'given the technological advances now permit the electronic transmittal of documents.'") (citing *Nat'l Trust Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co.*, 223 F. Supp. 3d 1236, 1243-44 (M.D. Fla. 2016). Plaintiff's citation to *Brozoski v. Pfizer Inc.* does not change this analysis.  *See* Obj. at 8.  *Brozoski* was an inapposite single-plaintiff personal injury case – not a putative nationwide class action. *See* No. 00-CIV-04215, 2001 WL 618981 at *2 (S.D.N.Y. (June 6, 2001).

*Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)).  In *Smith v. Dollar Tree Stores, Inc.*,[7] the Court concluded that this factor weighed in favor of transfer because "Plaintiff's action [wa]s just one among many filed … across the country who are represented by the same counsel" and "the ideal venue for a centralized or nationwide collective action [wa]s … where Defendant [wa]s headquartered."  No. 1:11-CV-02299-SCJ, 2012 WL 12343344, at *5 (N.D. Ga. May 10, 2012).  The same conclusion is warranted here.  The SDNY is the only appropriate forum for all of the remaining pending putative class actions against Pfizer since Pfizer is subject to general jurisdiction in New York.  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (a corporation is "at home" and subject to general jurisdiction only where it is incorporation or where it has its principal place of business).  Thus, unless all of the pending actions are transferred there, Pfizer will be forced to defend duplicative litigation in multiple venues.

Transfer is also appropriate because the SDNY already has expended significant judicial resources becoming familiar with the facts and claims asserted in this case.  *MSP Recovery Claims, Series LLC*[8] *v. Wesco Ins. Co.* is instructive.  No. 20-CV-24048-UU, 2021 WL 1043892, at *3 (S.D. Fla. Feb. 4, 2021).  In that case, the defendant argued that judicial efficiency would be furthered by transfer to the SDNY because "the parties previously litigated substantially similar claims" there.  *Id.*  The plaintiff opposed transfer because "the New York Action never got past the pleading stage."  *Id.*  The Court held that "judicial efficiency would be better served by transfer[]" because a "motion to dismiss was extensively briefed before the New York court," and thus "it cannot be said that the [SDNY] is not *more familiar* than this Court with the claims at issue."  *Id.* (emphasis added); *see also Rojas*, 2019 WL 6324616, *4 (transferring case because "judicial efficiency and the conservation of resources" favored California since "[t]he oldest case [wa]s in California; hence, the trial court with the most knowledge of the cases [wa]s the California court"); *Balloveras*, 2004 WL 1202854, at *2 (the judge "already gained considerable experience with the issues"); *Univ. of Pittsburgh of Commw. Sys. of Higher Educ. v. Varian Med. Sys., Inc.*, No. C-08-2973, 2008 WL 4279704, at *3 (N.D. Cal. Sept. 16, 2008) (granting transfer; "the public

---

[7] Plaintiff attempts to distinguish *Smith* by arguing that it asserted a federal cause of action.  *See* Obj. at 15 n.16.  Yet, this point did not factor into the Court's analysis at all.  2012 WL 12343344, at *5.  Regardless, Plaintiff also has asserted a federal claim, violation of the Magnuson-Moss Warranty Act.  Compl., ¶ 170.

[8] MSP is the same party collaborating with Plaintiff's counsel and has twice sought to intervene in this case in order to oppose transfer to the SDNY.  ECF No. 55.

interest in avoiding duplicative litigation weigh[ed] strongly in favor of transfer" where a "nearly identical claim" was previously litigated in a forum); *Wheeling-Pittsburgh Steel Corp. v. U.S. E.P.A.*, No. CIV. A. 98-4654, 1999 WL 111459, at *4 (E.D. Pa. Mar. 3, 1999) (granting transfer; as "a matter of judicial economy, such familiarity is highly desirable"); *Smith*, 2012 WL 12343344, at *5 ("precious judicial resources w[ould] be wasted litigating the same issue in courts throughout the country"). The same result is compelled here. The SDNY is more familiar with the facts and claims at issue here, having previously decided a motion to dismiss in the first-filed *Harris* action.

Third, denying transfer here could lead to inconsistent rulings on similar legal issues, "which may undermine the public's confidence in the judicial system to provide fair and equal outcomes." *Amaya*, 2009 WL 10667492, at *6; *see Smith*, 2012 WL 12343344, at *5 (ordering transfer because "there [wa]s a serious risk of inconsistent rulings"); *Univ. of Pittsburgh of Commw. Sys. of Higher Educ.*, 2008 WL 4279704, at *3 (granting transfer due to "all the attendant risks of duplicative proceedings and conflicting rulings"). Here, as *Harris* has already been decided, the risk of inconsistent results warrants transfer to the SDNY so Judge Cote can determine how, if at all, Plaintiff's complaint differs from the claims asserted in *Harris*.

Plaintiff, on the other hand, has argued that judicial economy is served by keeping this case in this District because "this Court already is home to the most Chantix cases." ECF No. 59. This misses the point. Despite "plaintiff's personal desire" to litigate here and his counsel's procedural gamesmanship to make it so, the SDNY has still already spent considerable resources evaluating the merits of the first Chantix recall case (*Harris*). *See* R&R 19-20; *see also* ECF No. 21 (explaining why Plaintiff's efficiency arguments are unpersuasive). Plaintiff also argues that if Pfizer was really interested in "proper" application of the first-filed doctrine, Pfizer should have now moved to transfer this action to the Eastern District of Pennsylvania, which is the venue now of the oldest still pending copy-cat case filed by Plaintiff's counsel (since he dismissed *Webb*). Obj. at 18. But this argument also misses the point. The Eastern District of Pennsylvania was not home to the first-filed case when Pfizer first filed its motion to transfer. And one of the main reasons behind the first-filed rule is the prevention of inconsistent rulings and conservation of judicial resources. Since the parties agreed to voluntarily stay the E.D. Pa. action, no judicial resources have been expended there. Moreover, Pfizer has repeatedly stated that it would like to pursue *all of* these analogous cases in one jurisdiction. The E.D. Pa. will not have jurisdiction and venue over any of the other actions. The only jurisdiction that will is the SDNY, the same

jurisdiction where Judge Cote already spent significant time evaluating the facts and issuing a 23-page opinion.

The R&R also appropriately disregarded Plaintiff's forum choice due to counsel's forum shopping. R&R at 28. Plaintiff's counsel has had the opportunity through three rounds of briefing to explain why they are pursuing "the case[] in his sixth-chosen jurisdiction," but have declined those opportunities. *See* R&R at 17–18. Instead, Plaintiff seeks to convince this Court that his counsel's uncontested forum shopping is irrelevant because plaintiff is a Florida resident filing in Florida. *See* Obj. at 8. Yet, Plaintiff is seeking to benefit from his counsel's improper conduct, and courts routinely consider *counsel's* forum shopping when assessing motions for transfer in putative class actions.

For example, in *Rojas*, the Court held that the forum shopping occurred after the plaintiff filed a class action in the current forum in the hopes of avoiding a prior unfavorable ruling against a different named plaintiff defended by his same counsel. *See* 2019 WL 6324616, at *3; *see also L'Oreal*, 525 F. Supp. 3d at 707 (granting transfer and noting that there "[wa]s little doubt" that plaintiffs' counsel sought to elicit "a favorable, yet inconsistent, judgment"); *Smith*, 2012 WL 12343344, at *1-4 (finding forum shopping that "minimize[d] the impact of [plaintiff's] choice of forum" because the plaintiff's counsel was representing named plaintiffs "in no less than four other analogous actions scattered around the country" and was "looking for a favorable forum that w[ould] allow them to pursue a single, nationwide action."). Thus, Plaintiff's reliance on cases where courts were not addressing class actions where forum shopping have occurred are distinguishable. *See, e.g.*, Obj. at 16.[9]

The cases Plaintiff cites do not change this result. Plaintiff's reliance on *Oleg Cassini, Inc. v. Serta, Inc.*, is mistaken because it addressed the anticipatory suit exception to the first-filed doctrine, which is not at issue here. *See* No. 11-CIV-8751, 2012 WL 844284, at *4-5 (S.D.N.Y. Mar. 13, 2012). Similarly, the Court in *Seneca Insurance Co. v. Strange Land, Inc.*, found that there was no forum shopping because the parties had not "sought to manipulate the litigation." 862 F.3d 835, 846 (9th Cir. 2017). Here, on the other hand, Magistrate Judge Goodman made

---

[9] Justice Alito's concurrence in *Ford Motor Co. v. Montana Eighth Judicial District Court* is similarly irrelevant because that case considered the question of specific personal jurisdiction, which is not at issue in Pfizer's Motion. 144 S. Ct. 1017, 1032 (2021) (Alito, J., concurring).

such a determination when he concluded that Plaintiff's counsel dismissed *Webb* "to avoid application of a doctrine of law [which] must also be discouraged." R&R at 50.

Thus, both the interests of justice and judicial efficiency weigh in favor of transfer here.

### 4.    The Court Correctly Accorded No Weight to Plaintiff's Choice of Forum (Factor Eight).

The R&R correctly held – for the second time – that Plaintiff's choice of forum should be accorded no weight. As the Court explained, "[m]any case-specific factors can diminish the amount of deference that should be afforded to a plaintiff's choice of forum." R&R 23. Three of them are present here. "[B]ecause all three exist" (R&R at 28) and their impact must be assessed "in the *aggregate*," it was appropriate for Magistrate Goodman to afford no weigh to Plaintiff's forum choice. *Id.* at 24 ("this case contains multiple deference-minimizing factors").

First, the R&R correctly afforded "less-than-usual deference" to Plaintiff's forum choice since this is a class action. *Id.*; *see also Balloveras*, 2004 WL 1202854, at *1 (transferring case). As the Supreme Court held seventy-five years ago:

> Where there are hundreds of potential plaintiffs, all equally entitled voluntarily to invest themselves with the corporation's cause of action and all of whom could with equal show of right go into their many home courts, the claim of any one plaintiff that a forum is appropriate merely because it is his home forum is considerably weakened.

*Clinton v. Sec. Benefit Life Ins. Co.*, No. 19-24803-CIV, 2020 WL 6120565, at *9 (S.D. Fla. June 29, 2020) (quoting *Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947)). Plaintiff here seeks to represent a nationwide class and "believe[s] [the class] to consist of potentially millions of Chantix consumers nationwide." Compl., ¶¶ 138–139, 144.

Second, "[t]his deference is further undercut when the locus of operative facts 'underlying the action occurred outside the district in which the action is brought.'" R&R at 25 (quoting *Balloveras*, 2004 WL 1202854, at *1); *see also MSPA Claims 1, LLC v. Halifax Health, Inc.*, No. 17-20706-CIV, 2017 WL 7803813, at *3 (S.D. Fla. Oct. 13, 2017) (transferring case; courts give less deference to a Plaintiff's chosen forum "where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff"); *Point Blank Enterprises, Inc. v. Iten Industries, Inc.*, No. 20-CV-62482-WPD, 2021 WL 4711921, at *3 (S.D. Fla. May 6, 2021) (same).

Third, even less deference is warranted "if 'there is any indication that plaintiff's choice of forum is the result of forum shopping.'" *Clinton*, 2020 WL 6120565, at *8. For example, in *Smith*

*v. Dollar Tree Stores, Inc.*, the plaintiff brought a class action in Georgia federal court. No. 1:11-CV-02299, 2012 WL 12343344, at *1 (N.D. Ga. May 10, 2012). The plaintiff's counsel also represented named plaintiffs "in no less than four other analogous actions scattered around the country." *Id.* The Court concluded that the "Plaintiff [wa]s clearly forum shopping, which minimize[d] the impact of his choice of forum" because they were "looking for a favorable forum that w[ould] allow them to pursue a single, nationwide action." *Id.* at *4. Similarly, in *Italian Colors Restaurant v. American Express Co.*, the defendant sought to transfer a putative class action to the SDNY. No. C 03-3719 SI, 2003 WL 22682482, at *4 (N.D. Cal. Nov. 10, 2003) (transferring case). The Court held that the plaintiff's forum choice should be disregarded because "[o]ne could rationally infer forum shopping here, based on plaintiffs' repeat filing" and the fact that "[t]he first California case, in the Central District, was filed but never served on defendants," among other indicators. *Id.*

The same is true here. This Court correctly held that the Plaintiff's counsel was forum shopping because they "filed seven different lawsuits in seven different jurisdictions, all seeking to represent a nationwide class of Chantix users," they seek to litigate the cases in the "**sixth**-chosen jurisdiction," and they "chose to serve Pfizer in only four of those actions." R&R at 18 (emphasis in original). And, since the February 16 Ruling, Plaintiff's counsel's gamesmanship has only continued: Plaintiff's counsel voluntarily dismissed *Webb* with the apparent intent to avoid transfer to the SDNY because of Judge Cote's ruling in *Harris*. *See* R&R at 50. This further gamesmanship led Magistrate Judge Goodman to "conclude[] that Plaintiff's counsel is forum shopping." R&R at 27.

Plaintiff has again argued that Pfizer is engaged in "gamesmanship" because it has not moved to transfer all of the other cases. Obj. at 17-18. This argument is disingenuous. Pfizer has not moved to transfer any of the remaining cases to the SDNY because the parties in each case—many of whom are represented by Plaintiff's counsel—**jointly agreed** to stay the other cases pending resolution of Pfizer's transfer motion in this case, which was the first motion to transfer Pfizer filed. This District was the jurisdiction Plaintiff's counsel identified as their preferred

alternative venue.  ECF No. 25 at 5.  It is not gamesmanship for Pfizer to keep its word to those parties.[10]

Plaintiff's cited cases do not counsel differently.  *Figueroa v. Sharper Image Corp.* is distinguishable because it did not rely on the nine-factor test articulated by the Eleventh Circuit in *Manuel* and failed to acknowledge that a plaintiff's choice of forum is entitled to less deference in a class action.  *See* No. 05-21251-CIV, 2005 WL 8154985 (S.D. Fla. Dec. 13, 2005).  And, in *Fruitstone v. Spartan Race Inc.*, though the Court gave some weight to the plaintiff's choice of forum, it did not find indicia of forum shopping or that the locus of the facts occurred elsewhere (as the defendant did not even argue the point), as Magistrate Judge Goodman did here.  *See* 464 F. Supp. 3d. 1268, 1283 (S.D. Fla. 2020).  Plaintiff's reliance on *In re Ricoh Corp.* is particularly curious as the Eleventh Circuit there overturned the district court's decision and granted transfer even though the plaintiff had chosen the forum because of the existence of a contractual venue provision (which is not present here).  870 F.2d 570, 573 (11th Cir. 1989); *see also Atlantic Marine Construction Co. v. U.S. Dist. Ct. for the Western District of Texas*, 571 U.S. 49 (2013) (motion to transfer based on forum selection clause).

Thus, Magistrate Goodman correctly held that Plaintiff's attempt to deal with each issue in "isolat[tion] … in an attempt to paint Defendant's position as extreme and unsupported," fails. R&R at 24.

**5.    The Court Correctly Concluded that the Availability of Process to Compel Attendance of Unwilling Witnesses Did Not Weigh in Plaintiff's Favor (Factor Five).**

The R&R correctly held that this factor was neutral.  R&R at 51.  In attempting to argue otherwise, plaintiff again argues that Magistrate Goodman "completely overlooked" Plaintiff's pharmacy and doctor as well as Apotex.  Obj. at 11.  This is incorrect.  The court addressed the argument but concluded that the location of Plaintiff's pharmacy and doctor was of little import, explaining that "[i]f Plaintiff's *specific* doctor and *specific* pharmacy – and the facts surrounding those interactions – are indispensable to Plaintiff's case, then it might be that Plaintiff does not have a class action claim at all."  R&R at 32 (emphasis in original).  As for Apotex, it was not and

---

[10] Pfizer moved to transfer in *County of Monmouth*, because that plaintiff's counsel did not agree to jointly stay that action pending resolution of this transfer dispute.  Bronson Decl., ¶ 4.  As such, Pfizer had no choice but to move to transfer this matter to the SDNY now.

has never been Pfizer's distributor of Chantix, and therefore it is unlikely that it will be a necessary witness at trial.  McRae Decl., ¶ 16.

6.    **The Court Correctly Concluded that the Forum's Familiarity with Governing Law Was Neutral (Factor Seven).**

The Court correctly concluded that the forum's familiarity with governing law factor was "neutral."  R&R at 43.  While it is "one of the least important factors," this is a purported nationwide class action that will likely implicate numerous states' laws.  *Harvard v. Inch*, 408 F. Supp. 3d 1255, 1264-265 (N.D. Fla. 2019) (internal quotations marks and citation omitted).  Courts within this district have granted transfer by noting that another state's federal courts are fully capable of applying Florida law.  *See, e.g.*, *Rojas*, 2019 WL 6324616, at *4.

Plaintiff, however, now asks this Court to overrule this conclusion even though it was the same one reached in the February 16 Ruling and Plaintiff chose not to object to it then.  *Compare* Obj. at 12 *with* ECF No. 43.  He argues that the Court should ignore his own pleading, which seeks to represent a nationwide class and bring claim for violations of "the consumer protection statutes of every single state and Puerto Rico" (R&R at 44) because Plaintiff's claim is governed by Florida law and the putative class members claims are not assessed until class certification.  *See* Obj. at 13.  But plaintiff does not offer any authority in support of his novel argument that the Court cannot consider that he has asserted other state laws until class certification.[11]  Finally, while Plaintiff argues that Judge Cote only assessed these claims under New York law, that is incorrect.  Judge Cote evaluated these claims under both New Jersey and New York law.  *See generally Harris v. Pfizer Inc.*, --- F. Supp. 3d ----, No. 1:21-cv-06789, 2022 WL 488410 (S.D.N.Y. Feb. 16, 2022).

7.    **The Court Correctly Concluded that the Relative Means of the Parties (Factor Six) Should Be Accorded Little Weight.**

While the R&R held that while the relative means of the parties favored plaintiff, it was the only factor that weighed in Plaintiff's favor, and the R&R correctly afforded it "little to no weight."  R&R at 42.  Plaintiff argues now – again for the first time – that Magistrate Goodman's

---

[11] Plaintiff relies on *National Trust Insurance Co. v. Pennsylvania National Mutual Casualty Insurance Co.*, 223 F. Supp. 3d 1236, 1248 (M.D. Fla. 2016), but this case is easily distinguishable because it does not involve a class action and the Court found transfer was inappropriate because several 1404 factors weighed against transfer and the "majority of the disputed convenience factors d[id] not favor transfer."  This holding conflicts with the majority of holdings in this District that routinely conclude that this factor is neutral because sister courts have similar competence in the laws of other states.

decision to again afford it little weight was an error.  *See* Obj. at 12.  It was not.  Courts have found that "[i]n the class action context, this factor is generally irrelevant" because "counsel are financing the case on behalf of Plaintiffs."  *Maxon v. Sentry Life Insurance Co.*, No. 6:17-CV-1569-ORL40TBS, 2018 WL 3850011, at *4 (M.D. Fla. Apr. 11, 2018) (quotation omitted) (holding factor neutral).  And Plaintiff's cases re not to the contrary.  Indeed, in one of the cases on which Plaintiff chiefly relies on *Hernandez v. Graebel Van Lines*, but there, the Court *granted* transfer and found that the relative means of the parties "[wa]s of little or no significance in the analysis."[12] 761 F. Supp. 983, 989 (E.D.N.Y. 1991)

## **CONCLUSION**

For the foregoing reasons, Pfizer requests that the Court overrule Plaintiff's Objection to the R&R and adopt the R&R.

Dated:  July 27, 2022

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Ardith Bronson*
Ardith Bronson (FBN 423025)
200 South Biscayne Blvd., Suite 2500
Miami, FL 33131-5341
T: (305) 423-8562
ardith.bronson@dlapiper.com

Loren H. Brown (*pro hac vice*)
1251 Avenue of the Americas, 27th Floor
New York, NY, 10020-1104
T: (212) 335-4500
loren.brown@dlapiper.com

Matthew Holian (*pro hac vice*)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
T: (617) 406-6000
matt.holian@dlapiper.com

*Attorneys for Defendant Pfizer Inc.*

---

[12] Plaintiff also relies on *Manuel* here, but there, the Eleventh Circuit was not addressing a class action and noted that the district court had held that several of the factors weighed in plaintiff's favor there, unlike here, where it was only the relative means of the parties.  *Compare* R&R at 52 with *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1137-38 (11th Cir. 2005).

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2022, I caused a copy of the foregoing to be filed with the Court's ECF system, which will cause notice of its filing to be served electronically upon all counsel who have appeared in this action.

*/s/ Ardith Bronson*
Ardith Bronson, Esq.